UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-25231

JAMES PETERSON,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

# COMPLAINT

Plaintiff, JAMES PETERSON ("PETERSON"), by and through his undersigned attorney, sues Defendant, JPMORGAN CHASE BANK, N.A. ("JPMORGAN") and states as follows:

## INTRODUCTION

1. This is an action for damages, and declaratory and injunctive relief, by Plaintiff, PETERSON, against Defendant, JPMORGAN, for retaliation under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), for age discrimination under the Age Discrimination in Employment Act ("ADEA"), and for retaliation and age discrimination under the Florida Civil Rights Act of 1992 ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331, Title VII and the ADEA. The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendant maintains offices within this judicial district, and a substantial part of the events

constituting the discrimination, retaliation and breach of contract have taken place within this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

5. PETERSON is a 59-year-old male, *sui juris,* and, at all times material to this action, was a resident of Miami-Dade County, Florida.

6. Defendant, JPMORGAN, is an Ohio corporation with its principal address at 111 Polaris Pkwy., Columbus, Ohio 43240.

7. PETERSON has complied with all conditions precedent to jurisdiction under Title VII and the FCRA in that PETERSON filed his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within 300 days of the unfair employment practices alleged in this Complaint; PETERSON has filed this suit within ninety (90) days of receiving a Notice of Right to Sue from the EEOC; 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR and FCHR has not issued a determination in that time period; and PETERSON is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory and retaliatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. True copies of Plaintiff's Charge of Discrimination and Notice of Right to Sue are attached as **Exhibits 1 and 2** respectively.

## GENERAL ALLEGATIONS

8. On or about June 15, 2009, PETERSON was recruited by JPMORGAN to work as a Client Advisor.

9. In or around 2012, PETERSON was promoted to a High Net Worth Executive Director Banker at JPMorgan's Wealth Management Division in Miami, Florida.

10. For nearly eight (8) years, PETERSON succeeded at JPMORGAN, always earning a substantial annual bonus that nearly doubled his salary, and never being subjected to disciplinary action or any significant performance complaints.

11. In or around October 2016, Alex Bello, an Associate at JPMorgan, came to PETERSON to report that a fellow female associate was being sexually harassed by a Senior Banker, Fernando Crespo.

12. PETERSON recommended to Bello that the female associate file a formal complaint with JPMORGAN's human resources department and report the harassment to the management team, which included Simon Levine (Managing Director, Region Head) and Josh Navarro (Managing Director, Investment Team Lead). The female associate acted on this advice and reported the harassment to the Human Resources department and Mr. Navarro, the acting manager.

13. In or around October 2016, PETERSON was interviewed by JPMORGAN's Human Resources department in conjunction with the investigation into the female associate's allegations of sexual harassment against Crespo.

14. PETERSON was open and honest in his interview, sharing his observations of Crespo's behavior in the office, including his discriminatory and harassing treatment of female employees other than the female association who had made the complaint.

15. On or around November 25, 2016, following the investigation by the Human Resources department, Crespo was terminated from JPMORGAN. Levine, the Managing Director, called a meeting to inform PETERSON and the rest of the office that Crespo would no longer be working for JPMORGAN. Levine did not mention the sexual harassment allegations or investigation findings and informed those in attendance not to discuss Crespo or any of the details of his termination.

16. It was clear to PETERSON and others that Levine and JPMorgan wanted to quickly move past the sexual harassment incident without fully addressing or drawing attention to the matter.

17. In or around February 2017, PETERSON met with Levine to discuss his performance review and annual bonus. For the first time in his eight (8) years working for JPMORGAN, PETERSON was informed he would not be receiving a bonus. When PETERSON asked why he would not be receiving his annual bonus, Levine responded that PETERSON "should have kept [his] mouth shut" regarding the sexual harassment allegations against Crespo.

18. The day after his conversation with Levine, PETERSON complained to Ben Hdlek in the Human Resources department that he was being retaliated against for encouraging the female associate to report her sexual harassment and for being involved in the investigation. Hdlek brushed off PETERSON's concerns and did not investigation PETERSON's claim of retaliation.

19. PETERSON also complained to Magaly Denis Roman, the Vice President of Employee Relations, and Penny Domow, the Employee Development Assistant General Counsel, who conducted the investigation into the female associate's sexual harassment complaint, about the retaliation he was experiencing, but no one at JPMorgan investigated or took any action.

20. In or around March 2017, PETERSON applied for the Advisor Led High Net Worth Banker ("Advisor Led") position within JPMORGAN. At the time he applied, the position did not report to Levine.

21. While PETERSON's application was pending, however, JPMORGAN consolidated certain working groups and Levine became the supervisor for the Advisor Led position.

22. In or around May 2017, Levine told PETERSON that he did not get the position because that position "was for younger people." Thereafter, a young associate in his thirties who PETERSON had trained was permitted to transfer into the position.

4

23. In or around July 2017, Levine met with PETERSON to inform him he was being placed on a Performance Improvement Plan ("PIP").

24. The goals of the PIP were nearly impossible to meet and significantly increased the number of accounts PETERSON was required to bring in, as well as the value of those accounts.

25. Levine did not similarly increase the performance metrics for other employees who had not participated in the investigation into the female associate's sexual harassment complaint.

26. In each of his monthly PIP meetings, PETERSON complained that he thought the performance expectations were unreasonable.

27. In August 2017, PETERSON again applied for the Advisor Led position. Once again, the position was given to a young associate in his thirties who PETERSON had trained.

28. In November 2017, Levine met with PETERSON and informed him that he could either resign or he would be terminated.

29. In lieu of termination, PETERSON resigned from JPMORGAN effective January 2018.

30. PETERSON's termination was the culmination of a string of retaliatory actions from Levine and JPMORGAN for PETERSON's participation in the sexual harassment investigation of the female associate.

31. As part of, and in addition to, the retaliation, JPMORGAN discriminated against PETERSON based on his age when it twice refused him a position for which he was more than qualified and instead gave the job to a less qualified, substantially younger employee.

32. Plaintiff has satisfied all conditions precedent to bringing this action or these conditions have been waived or otherwise excused.

33. Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay his attorney a reasonable fee for his services.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

**COUNT I**
**RETALIATION UNDER TITLE VII**

34. This is an action for retaliation under Title VII.

35. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in Paragraphs 1-33 above.

36. Defendant violated Title VII when it retaliated against Plaintiff for encouraging a fellow employee to report the sexual harassment she was experiencing and for participating in the internal sexual harassment investigation – both of which constitute protected activity under Title VII.

37. Defendant's retaliatory actions include: (1) denying Plaintiff his annual bonus; (2) refusing to consider Plaintiff for a position for which he was qualified; (3) placing Plaintiff on an unreasonable and unjustified PIP; and, (4) forcing Plaintiff to resign in lieu of termination.

38. Defendant's reason for termination is a pretext to conceal the unlawful nature of its conduct.

39. Defendant is vicariously liable for all materially adverse actions suffered by Plaintiff and retaliation engaged in by Defendant's managers and supervisors.

40. Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under Title VII.

41. But for encouraging the female association to report her sexual harassment claim and participating in the sexual harassment investigation, Plaintiff would not have been denied his annual bonus, denied a position for which he was qualified, placed on an unreasonable PIP, or terminated from his employment.

42. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to his personal and business reputations; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

WHEREFORE, Plaintiff, JAMES PETERSON, prays that this Honorable Court will enter an Order against Defendant, JPMORGAN CHASE BANK, N.A.:

a. Declaring that Defendant violated Plaintiff's rights as protected by the laws of Title VII and ordering Defendant to institute policies, practices, training and programs that provide protection from retaliation against employees and that eradicate the effects of its past and present unlawful practices;

b. Enjoining and restraining Defendant from engaging in acts of retaliation;

c. Awarding Plaintiff back pay and the value of his lost employment benefits;

d. Awarding Plaintiff front pay in lieu of reinstatement;

e. Awarding Plaintiff compensatory damages for his emotional distress, humiliation, embarrassment, and loss of reputation;

f. Awarding Plaintiff punitive damages;

g. Awarding Plaintiff his reasonable attorney's fees and costs incurred in this action;

h. Awarding Plaintiff pre- and post-judgment interest; and

i. Awarding any and all further relief as this Court may deem just and appropriate.

## COUNT II
## RETALIATION UNDER THE FCRA

43. This is an action for retaliation under the FCRA.

44. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in Paragraphs 1-33 above.

45. Defendant violated the FCRA when it retaliated against Plaintiff for encouraging a fellow employee to report the sexual harassment she was experiencing and for participating in the sexual harassment investigation – both of which constitute protected activity under the FCRA.

46. Defendant's retaliatory actions include: (1) denying Plaintiff his annual bonus; (2) refusing to consider Plaintiff for a position for which he was qualified; (3) placing Plaintiff on an unreasonable and unjustified PIP; and, (4) forcing Plaintiff to resign in lieu of termination.

47. Defendant's reason for termination is a pretext to conceal the unlawful nature of its conduct.

48. Defendant is vicariously liable for all materially adverse actions suffered by Plaintiff and retaliation engaged in by Defendant's managers and supervisors.

49. Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

50. But for encouraging the female associate to report her sexual harassment claim and participating in the sexual harassment investigation, Plaintiff would not have been denied his annual bonus, denied a position for which he was qualified, placed on an unreasonable PIP, or terminated from his employment.

51. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including loss of wages; benefits and other compensation; harm to his personal and business reputations; emotional distress, including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, JAMES PETERSON, prays that this Honorable Court will enter an Order against Defendant, JPMORGAN CHASE BANK, N.A.:

a. Declaring that Defendant violated Plaintiff's rights as protected by the laws of the FCRA and ordering Defendant to institute policies, practices, training and programs that provide protection from discrimination against employees and that eradicate the effects of its past and present unlawful practices;

b. Enjoining and restraining Defendant from engaging in acts of discrimination;

c.   Awarding Plaintiff back pay and the value of his lost employment benefits;

d.   Awarding Plaintiff front pay in lieu of reinstatement;

e.   Awarding Plaintiff compensatory damages for his emotional distress, humiliation, embarrassment, and loss of reputation;

f.   Awarding Plaintiff punitive damages;

g.   Awarding Plaintiff his reasonable attorney's fees and costs incurred in this action;

h.   Awarding Plaintiff pre- and post-judgment interest; and

i.   Awarding any and all further relief as this Court may deem just and appropriate.

## COUNT III
## VIOLATION OF THE ADEA (AGE DISCRIMINATION)

52.   This is an action for discrimination based upon age under the ADEA.

53.   Plaintiff reasserts the general allegations as set forth above in paragraphs 1-33 and incorporates the same herein by this reference.

54.   Defendant and its managers and agents violated the ADEA by failing to transfer Plaintiff because of his age; and instead transferring or hiring similarly situated substantially younger employees rather than Plaintiff, who was as qualified if not more qualified for the position.

55.   As a result of Defendant's conduct, Plaintiff has been damaged.

56.   Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the ADEA and thus Plaintiff is entitled to liquidated damages under the ADEA.

WHEREFORE, Plaintiff, JAMES PETERSON, prays that this Honorable Court will enter an Order against Defendant, JPMORGAN CHASE BANK, N.A., for compensatory damages including lost wages and benefits, liquidated damages, interest, costs, and attorneys' fees under the ADEA.

## COUNT IV
## AGE DISCRIMINATION UNDER THE FCRA

57.   This is an action for discrimination based upon age under the FCRA.

58. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-33 and incorporates the same herein by this reference.

59. Defendant and its managers and agents violated the FCRA by failing to transfer Plaintiff because of his age; and instead transferring or hiring similarly situated substantially younger employees instead of Plaintiff, who was qualified if not more qualified for the position.

60. Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

61. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including the loss of a career with Defendant, the loss of wages, benefits, including his pension benefit, and other compensation; harm to his personal and business reputations; emotional distress including, but not limited to, humiliation and embarassment;  and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, JAMES PETERSON, prays that this Honorable Court will enter an order against Defendant, JPMORGAN CHASE BANK, N.A:

a. order Defendant JPMORGAN CHASE BANK, N.A. to remedy the age discrimination of Plaintiff by:

  i.  Paying appropriate back pay;

  ii.  Paying prejudgment and post-judgment interest;

  iii.  Paying front pay in lieu of reinstatement;

  iv.  Paying for lost benefits including medical insurance, pension and retirement plan;

   v.  Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d.  Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, JAMES PETERSON, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 20th day December 2019.

                                                  Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone:   (954) 894-3035
Facsimile:   (954) 894-8015
E-mail:   dgallup@gallup-law.com

By:   /s/ Dana M. Gallup
      DANA M. GALLUP
      Florida Bar No.: 0949329